1  Robert Benson (SBN 155971)
   BAKER BOTTS L.L.P.
2  101 California Street, Ste. 3200
   San Francisco, CA 94111
3  Telephone: (415) 291-6285
   Email: robert.benson@bakerbotts.com
4
   Mark Speegle (SBN 293873)
5  BAKER BOTTS L.L.P.
   401 South 1st Street, Suite 1300
6  Austin, Texas 78704
   Telephone: (512) 322-2536
7  Email: mark.speegle@bakerbotts.com

8  Jeffrey Johnson (*pro hac vice* pending)
   BAKER BOTTS L.L.P.
9  910 Louisiana Street
   Houston, Texas 77002
10 Telephone: (713) 229-1222
   Email: jeffrey.johnson@bakerbotts.com
11
   *Attorneys for Realtek Semiconductor Corporation*
12

13

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., | Case No. |
| Movant, | [Underlying Case No. 2:23-cv-00449 (E.D. Tex.) Universal Connectivity Tech. Inc. v. Lenovo Grp. Ltd.] |
| v. | |
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., | **NON-PARTY REALTEK SEMICONDUCTOR CORP.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** |
| Respondent. | Judge: TBD<br>Date:  TBD<br>Time:  TBD<br>Crtrm: TBD |

# NOTICE OF MOTION AND MOTION

TO THE COURT AND RESPONDENT AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that at a date, time, and location to be determined the matter may be heard, Non-Party Realtek Semiconductor Corp. ("Realtek") will and hereby does move this Court for an Order to quash a Subpoena to Produce Documents, Information, or Objects issued by Respondent Universal Connectivity Technologies Inc. ("Respondent") directed to Realtek via email to counsel for Realtek in an unrelated matter.

This motion is brought pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure on the grounds that counsel met and conferred in good faith pursuant to Civil Local Rule 37 on March 26, 2025, but were unable to resolve Realtek's objection.

This motion is based on this Notice of Motion, the attached memorandum of points and authorities in support thereof, the accompanying declaration of Mark Speegle and all exhibits thereto, and such other evidence and argument as may be presented at the hearing on this motion.

DATED: March 28, 2025                   Respectfully submitted,

*/s/ Robert Benson*
Robert Benson (SBN 155971)
BAKER BOTTS L.L.P.
101 California Street, Ste. 3200
San Francisco, CA 94111
Telephone: (415) 291-6285
Email: robert.benson@bakerbotts.com

Mark Speegle (SBN 293873)
BAKER BOTTS L.L.P.
401 South 1st Street, Suite 1300
Austin, Texas 78704
Telephone: (512) 322-2536
Email: mark.speegle@bakerbotts.com

Jeffrey Johnson (*pro hac vice* pending)
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1222
Email: jeffrey.johnson@bakerbotts.com

*Attorneys for Realtek Semiconductor Corporation*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.    BACKGROUND ................................................................................................................. 1

III.    LEGAL STANDARD ........................................................................................................ 4

IV.    ARGUMENT ...................................................................................................................... 6

    a.    Respondent's Attempted Alternative Service Is Ineffective under Rule 45 ........... 6

    b.    Respondent Cannot Compel Realtek to Produce Documents in California ........... 8

    c.    UCT's Discovery Requests Are Overbroad and Unnecessarily Burdensome. ....... 9

V.    CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AngioScore, Inc. v. TriReme Med., Inc.*,
  No. 12 CV 3393, 2014 WL 6706873 (N.D. Cal. Nov. 25, 2014) ............................................. 5

*Europlay Cap. Advisors, LLC v. Does*,
  323 F.R.D. 628 (C.D. Cal. 2018) ............................................................................................ 5

*Free Stream Media Corp. v. Alphonso Inc.*,
  No. 17-CV-02107-RS (KAW), 2017 WL 6209309 (N.D. Cal. Dec. 8, 2017) ..................... 4, 5

*Fujikura Ltd. v. Finisar Corp.*,
  No. 15-MC-80110-HRL-JSC, 2015 WL 5782351 (N.D. Cal. Oct. 5, 2015) .................. 4, 6, 7

*GreenLake Real Est. Fund LLC v. Waid*,
  No. 2:24-MC-00040-WLH (SKX), 2024 WL 3009015 (C.D. Cal. Apr. 11, 2024) ................. 8

*HI.Q, Inc. v. ZeetoGroup, LLC*,
  No. MC 22cv1440-LL-MDD, 2022 WL 17345784 (S.D. Cal. Nov. 29, 2022) ..................... 10

*In re Path Network, Inc.*,
  703 F. Supp. 3d 1046 (N.D. Cal. 2023) ................................................................................. 8

*In re Subpoena of DJO, LLC*,
  295 F.R.D. 494 (S.D. Cal. 2014) ............................................................................................ 5

*In re Subpoena to Produce Documents of Clapp, Moroney, Bellagamba, Vucinich,
  Beeman & Scheley*,
  No. 14-mc-80191-RS (JSC), 2014 WL 3784112 (N.D. Cal. July 31, 2014) ......................... 10

*Lemberg Law LLC v. Hussin*,
  No. 3:16-mc-80066-JCS, 2016 WL 3231300 (N.D. Cal. June 13, 2016) ............................... 4

*SiteLock, LLC v. GoDaddy.com, LLC*,
  338 F.R.D. 146 (D. Or. 2021) ............................................................................................ 4, 6

*Third Degree Films, Inc. v. Does 1-178*,
  No. C 12-3858 EMC, 2012 WL 12925674 (N.D. Cal. Dec. 6, 2012) ..................................... 5

*Viasat, Inc. v. Space Sys./Loral, LLC*,
  No. 13-CV-2074-H (WVG), 2014 WL 12577593 (S.D. Cal. June 30, 2014) ........................ 6

*Williams v. Camden USA Inc.*,
  No. 3:19-CV-691-AJB-AHG, 2021 WL 5417516 (S.D. Cal. Nov. 19, 2021) ........................ 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45 ................................................................................................................ *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure, Non-Party Realtek Semiconductor Corp. ("Realtek") respectfully moves the Court to quash a Subpoena to Produce Documents, Information, or Objects dated January 22, 2025, which Respondent Universal Connectivity Technologies Inc. ("Respondent") directed to Realtek via email to counsel for Realtek in an unrelated matter.  This Court has jurisdiction over Realtek's Motion to Quash because the subpoena at issue lists the place of compliance within this judicial district.  *See* Rule 45(d)(3)(A).

Fundamentally, Rule 45 subpoenas are not intended or effective for conducting discovery from third parties, like Realtek, that reside outside the United States.  The procedure followed by Respondent, if permitted, would effectively allow any foreign company, anywhere in the world, to be served with a third party subpoena under Rule 45 and require that they produce documents and witnesses in the United States—in litigation to which they are not a party, irrespective of personal jurisdiction or any other jurisdictional requirement—while circumventing procedures for conducting foreign discovery, such as the Hague Convention and letters rogatory.  This cannot be allowed. Instead, because Rule 45 does not contemplate service abroad to a foreign company, Respondent's subpoena has not been effectively served under Rule 45—notwithstanding a motion for alternative service granted in the Eastern District of Texas, which was granted without Realtek's involvement and without adversarial briefing.  Further, because Realtek is a foreign company with its headquarters in Taiwan, Respondent's subpoena fails to comply with Rule 45's requirement that the place of compliance be "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(2)(A).  The subpoena is also overly broad and unduly burdensome because Respondent seeks the production of Realtek's highly confidential and sensitive technical information, including source code, for over a hundred products.

## II.  BACKGROUND

Realtek is a Taiwanese semiconductor company with its principal place of business at No.2 Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan. Realtek designs and manufactures integrated circuit semiconductor chips, which it provides computer manufacturers around the world.

1  Realtek does not lease or own any real property in the United States. Ex. A to Declaration of Mark
2  Speegle (Speegle Decl.) (Declaration of Huang, Yee-Wei), ¶ 5. Nor does Realtek have any employees
3  in the United States. *Id.*, ¶ 6. Realtek also has corporate affiliates with locations in the United States,
4  but these affiliates operate as distinct businesses, observing proper corporate formalities that
5  distinguish these affiliates from Realtek. *Id.*, ¶ 7.

6  The subject subpoena issued from a patent litigation in the Eastern District of Texas between
7  Plaintiff Universal Connectivity Technologies and Defendant Lenovo Group. *Universal Connectivity*
8  *Tech. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-cv-00449 (*Universal Connectivity Tech.*). Respondent filed
9  its case against Lenovo in September 2023. Over a year later, in November 2024, Respondent filed a
10 sealed motion for issuance of letters rogatory to seek discovery from Realtek, which the Eastern
11 District of Texas Court denied without prejudice because the court disapproved of Respondent sealing
12 its motion. *Universal Connectivity Tech.*, Nov. 26, 2024 Order, ECF No. 62. Respondent then filed
13 an unsealed motion for issuance of a Letters Rogatory, which the court granted on December 5.
14 *Universal Connectivity Tech.*, ECF No. 66.

15 In its unsealed motion for issuance of letters rogatory, Respondent acknowledge that
16 "[b]ecause Realtek is based in Taiwan, and Taiwan is not a signatory to the Hague Convention […],
17 parties in the United States use letters rogatory to seek discovery from Taiwanese entities." *Universal*
18 *Connectivity Tech. Inc.*, Dec. 3, 2024 Mot. at 3, ECF No. 63. The pursuit of letters rogatory is well-
19 known to be a time-consuming process. *See* Speegle Decl., Ex. B at 2. ("Execution of letters rogatory
20 may take a year or more."). However, less than two months after the Eastern District of Texas granted
21 Respondent's motion for the issuance of letters rogatory, Respondent attempted to shortcut this well-
22 established process for getting foreign discovery.

23 On January 22, 2025, Respondent filed a motion with the Eastern District of Texas to effectuate
24 alternative service of a Rule 45 subpoena on Realtek, although Rule 45 contains no provisions for
25 alternative service. *Universal Connectivity Tech.*, ECF No. 82. Rule 45 expressly requires service
26 within the United States, service by personal delivery of the subpoena, and production within 100
27 miles of an entity's residence. But Responding sought to circumvent these requirements by serving
28 its subpoena by mail and by email to Realtek's litigation counsel in an unrelated case. *Id* at 7. To

justify alternative service, Respondent cited its "diligent efforts to pursue discovery through the letter rogatory," despite Respondent waiting over a year to seek a letters rogatory and pursuing the letters rogatory for only six weeks. *Id*. at 1. And undercutting Respondent's request for letters rogatory just weeks earlier, Respondent also argued in its motion that "the letter rogatory process is time-consuming and may not be completed before the deadline for the close of fact discovery in this case." *Id*. at 6. On February 14—without any opposition and without Realtek's involvement—the Eastern District of Texas court granted Respondent's motion. *Universal Connectivity Tech.*, Mem. & Op., ECF No. 97.

UCT's subpoena demands production of documents described in a "Schedule A" at 100 Marine Parkway, Suite 300, Redwood Shores, CA, 94065, on March 3, 2025. Speegle Decl., Ex. C at 2[1]. Schedule A of the subpoena requests the following:

1. Source code sufficient to show the operation of the Accused Features for each of the Realtek Chipsets, including the source code for hardware design and specification language descriptions, such as SDL, HDL, VHDL, iHDL, Verilog, System Verilog, or RTL, and the source code for higher software programming design languages, such as C and C++ programming languages.

2. Technical documents sufficient to show the operation of the Accused Features for each of the Realtek Chipsets that Realtek has supplied to Lenovo.

*Id*. at 11–12. Schedule A of the subpoena also defines source code broadly:

"Source code" means any text or symbols that are written in a human-readable programming language or visual representation and any data files associated with the human-readable or visual representation. Source code for different versions of software may exist, where a version is referenced by a build number, product version number, or other designation as identified by Your source code control system and/or software development practices. Source code for hardware includes but is not limited to schematics, Register Transfer Level (RTL), and netlists of hardware components. A reference to "source code" shall mean all versions released as a commercial product or used in the construction of a commercial product. Source code includes manifests, build files, "make" files or build scripts for aggregating, compiling, or associating

---

[1] The copy of the subpoena provided at Exhibit C comes from the docket of the Eastern District of Texas case, where it was entered as ECF No. 82-2. The cited page numbers in this brief refer to the blue page numbers at the top of each page.

>multiple source code files in any way and any output files produced by aggregation, compilation, or association of multiple source code files.

*Id*. at 7–8.  Schedule A further defines "Realtek Chipsets" as "any chipset that Realtek has supplied to Lenovo that is responsible for the DisplayPort and/or USB functionality of the Accused Products." *Id*. at 8.

### III.    LEGAL STANDARD

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Free Stream Media Corp. v. Alphonso Inc.*, No. 17-CV-02107-RS (KAW), 2017 WL 6209309, at *3 (N.D. Cal. Dec. 8, 2017) (quoting *Lemberg Law LLC v. Hussin,* No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016)).  Federal Rule of Civil Procedure 45 governs the issuance and service of subpoenas on non-parties.  Four express, interlocking requirements of Rule 45 make clear that Rule 45 subpoenas are not intended for conducting discovery from third parties residing outside the United States, apart from procedures for conducting international discovery such as the Hague Convention.

First, Rule 45(b)(2) provides, "A subpoena may be served at any place within the United States."  Service outside the United States is only authorized on a U.S. national or resident who is traveling abroad.  Fed. R. Civ. P. 45(b)(3).

Second, Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person," and "[t]he majority of courts understand 'delivering' to require personal service of the subpoena." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).  Courts are divided regarding the use of Rule 4 to supplement service of a Rule 45 subpoena, but the majority view is that "the alternative forms of service described in Rule 4, other than personal service on an agent of a corporation, are insufficient service under Rule 45." *See SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 154 (D. Or. 2021) (quoting 9A Charles H. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. Oct. 2020 update)).  In addition, "courts have long held that service on an attorney is not sufficient to compel production of documents or presence at a deposition." *Fujikura Ltd.*, 2015 WL 5782351 at *6.

1   Third, Rule 45 requires that a subpoena compel the production of documents at "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45I(2)(A). Thus, a Rule 45 subpoena seeking the production of documents more than 100 miles from a nonparty's headquarters is "invalid on its face." *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12 CV 3393, 2014 WL 6706873, at *1 & n.1 (N.D. Cal. Nov. 25, 2014); *see also Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018). Nor can the place of production be outside the United States, because under Rule 45(d)(2)(B)(i), the serving party must be able to file a motion to compel in "the court for the district where compliance is required."

When these express requirements of Rule 45 are considered together—service within the United States, personal service, and production within 100 miles of the third party's residence, which also must be in the United States—the necessary conclusion is that Rule 45 subpoenas are not intended or effective for seeking discovery from third parties that reside outside the United States.

Rule 45 also requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "In determining whether there is undue burden, courts typically balance the burden on the recipient of the subpoena, the relevance of the information sought to the claims or defenses at issue in the lawsuit, the scope or breadth of the discovery request, and the party's need for that information." *Free Stream Media Corp.*, 2017 WL 6209309, at *5 (internal quotation marks omitted, quoting *Third Degree Films, Inc. v. Does 1-178*, No. C 12-3858 EMC, 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6, 2012)). Rule 45 also permits the Court to quash or modify a subpoena that seeks "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship; and ensures that subpoenaed person will be reasonably compensated.'" *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (quoting Rule 45(d)(3)(C)).

## IV. ARGUMENT

What Respondent seeks to accomplish with this subpoena would have far-ranging impacts on litigation and discovery. Breaking from the plain language of Rule 45 and decades of practical precedent, Respondent contends that Rule 45 subpoenas can now be used to compel discovery from foreign third parties. It does not matter to Respondent that Realtek was never served according to the terms of Rule 45, and it does not matter to Respondent that the subpoena seeks the production of documents thousands of miles outside the limit of Rule 45(c). According to Respondent, a third-party subpoena has no limits and can effectively reach any third party anywhere in the world. But this is not the law: Rule 45 does not empower Respondent to force a wholly foreign company that is not a party to litigation to import its sensitive source code and other documents into this country from Taiwan. Rule 45's limits on service and on the place of compliance prohibit such an abuse.

### a. Respondent's Attempted Alternative Service Is Ineffective under Rule 45

Respondent's subpoena to Realtek should be quashed because it has not been effectively served on Realtek. On its face, Rule 45 does not provide for alternative service, and "[t]he majority of courts understand 'delivering' [in Rule 45] to require personal service of the subpoena." *Fujikura*, 2015 WL 5782351 at *5 (collecting cases). Following the majority rule, the Court should decline to give effect to Respondent's attempted alternative service under Rule 4 for a Rule 45 subpoena. *SiteLock*, 338 F.R.D. at 154 (citing Wright & Miller, *supra* § 2454)). "Service of process is governed by Rule 4. Fed. R. Civ. P. 4. Service of a subpoena is governed by Rule 45. Fed. R. Civ. P. 45." *Viasat, Inc. v. Space Sys./Loral, LLC*, No. 13-CV-2074-H (WVG), 2014 WL 12577593, at *5 (S.D. Cal. June 30, 2014). Thus, because Respondent has not served its subpoena on Realtek under the traditional requirements of Rule 45, the subpoena should be quashed.

The two forms of alternative service attempted by Respondent—service by mail to Taiwan, and service on counsel in an unrelated matter—each contravene core tenants of Rule 45. The only option in Rule 45 for service in a foreign country is under Rule 45(b)(3), which applies to "a United States national or resident who is in a foreign country." Realtek is plainly not a United States national or resident, so Rule 45(b)(3) does not apply. Service to Realtek thus must be in the United States, under Rule 45(b)(2). This means that Respondent cannot serve Realtek a Rule 45 subpoena via mail

1  to Taiwan. Nor can Respondent serve Realtek by emailing Realtek's litigation counsel in an unrelated
2  matter. Realtek's counsel in the separate matter has no authority to accept this subpoena. As such,
3  delivering the subpoena to the email account of litigation counsel in an unrelated case does not
4  constitute "delivering a copy to the named person," as required under Rule 45(b)(1). *See also*
5  *Fujikura,* 2015 WL 5782351 at *6 ("[C]ourts have long held that service on an attorney is not sufficient
6  to compel production of documents or presence at a deposition."). Because the subpoena was not
7  delivered in person to Realtek, in the United States, Rule 45 has not been satisfied and Realtek should
8  not be required to provide discovery to Respondent.

9        Allowing alternative service as proposed by Respondent would contravene long-standing
10 practices for foreign discovery. Unlike Rule 4, Rule 45 does not have a provision for alternative
11 service. The lack of alternative service is consistent with the longstanding practice for parties to use
12 other means—such as letters rogatory—to seek discovery from foreign companies. *See Universal*
13 *Connectivity Tech.*, Mot. at 3, ECF No. 63 (Respondent acknowledging that "parties in the United
14 States use letters rogatory to seek discovery from Taiwanese entities."). But, if parties can instead
15 use alternative service to ignore the requirements of Rule 45, then letters rogatory would become
16 obsolete. Respondent's own actions highlight this problem: despite knowing that "the letters rogatory
17 process would take at least four to seven months to complete," Respondent waited only two months
18 after receiving its letters rogatory to file a motion for alternative service of a Rule 45 subpoena.
19 *Universal Connectivity Tech. Inc.*, Mot. at 1, ECF No. 82. This timing suggests that Respondent's
20 request for letters rogatory was merely pretextual. Given the decades of practice supporting the use
21 of letters rogatory, it does not make sense to reinterpret Rule 45—without a change in the text—to
22 reach any third party that resides anywhere in the world and require that they produce discovery in the
23 United States, such that letters rogatory are unnecessary.

24       The Eastern District of Texas decision on alternative service does not require a different result.
25 First, Realtek was not a party to the Eastern District of Texas proceedings, and therefore no collateral
26 estoppel applies to Realtek on this issue. Instead, due process requires that Realtek be given an
27 opportunity to argue disputed issues of law and fact, before Realtek's rights under Rule 45 are
28 abrogated. Second, because Realtek was not involved in the Eastern District of Texas proceedings,

1  that court made its decision without the benefit of adversarial briefing. This *ex parte* situation deprived
2  the Eastern District of Texas court of important context. For example, Respondent cited several cases
3  allowing Rule 4 to supplement service under Rule 45, but Respondent failed to mention the extensive
4  body of contrary caselaw. *See Universal Connectivity Tech.*, Mot. at 3–4, ECF No. 82. Far from being
5  an undisputed point, a leading treatise on civil procedure describes the "depart[ure] from the view that
6  personal service is required" for subpoenas as an "emerging minority position" that "could cause
7  confusion and may prompt clarification of the rule." Wright & Miller, *supra* § 2454. It is
8  fundamentally unfair for Respondent to hide this dispute in caselaw from the Eastern District of Texas,
9  in a context where Realtek had no notice and no opportunity to clarify the record.

### b. Respondent Cannot Compel Realtek to Produce Documents in California

Independent from the service defect, Respondent's subpoena should also be quashed because Realtek's headquarters in Taiwan is thousands of miles from the place of compliance listed in the subpoena. As of the 2013 Amendment, Rule 45(c)(2)(A) states that "[a] subpoena may command […] production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Thus, under current Rule 45(c), "[a] subpoena requiring a nonparty to produce documents at a place more than one-hundred miles away is invalid." *Williams v. Camden USA Inc.*, No. 3:19-CV-691-AJB-AHG, 2021 WL 5417516, at *1 (S.D. Cal. Nov. 19, 2021); *see also In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1065 (N.D. Cal. 2023) (denying application for subpoena that would require a party "headquartered in San Francisco, to produce documents in Los Angeles, California."); *GreenLake Real Est. Fund LLC v. Waid*, No. 2:24-mc-00040-WLH (SKX), 2024 WL 3009015, at *2 (C.D. Cal. Apr. 11, 2024) (quashing subpoena that sought the production of documents "more than 100 miles from where [the non-party] has corporate residency, where its officers and employees work, and where it regularly transacts business in person.").

Respondent's disregard for Rule 45(c) is particularly harmful in this case because of the nature of the discovery sought. Respondent seeks source code—which is some of Realtek's most valuable and sensitive confidential information—for over a hundred products. To comply with this request, Realtek would be forced to place its source code into some form of physical storage and transport this

sensitive information across the Pacific Ocean into the United States, through U.S. Customs. Electronic transmission is not typically acceptable for source code, for security reasons. *See* Speegle Decl., Ex. C at 24, ¶10(n) (Protective Order in Eastern District of Texas Litigation) ("Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as required for submission to the Court[.]"). Physically transporting highly sensitive material would create a substantial logistical burden for Realtek and would create unacceptable security risks for Realtek's valuable intellectual property.

Of course, Realtek recognizes that there is no district court to enforce a subpoena within 100 miles of Realtek's headquarters in Taiwan. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). This further confirms that Rule 45 is not intended to accommodate foreign discovery. Instead, Respondent should rely on the traditional letters rogatory for discovery from Taiwan.

### c. UCT's Discovery Requests Are Overbroad and Unnecessarily Burdensome.

Respondent's subpoena should also be quashed under Rule 45(d)(3)(A)(ii) because it would subject Realtek to an undue burden. The subpoena uses overbroad definitions for terms like "Accused Feature(s)" and "Realtek Chipsets" that capture any products and features related to certain widely used industry standards like USB and DisplayPort. Speegle Decl., Ex. C at 5, 8. It is not plausible for Respondent to assert that its patents cover every aspect of these standards. And Respondent seeks discovery into over a hundred Realtek products. Speegle Decl., Ex. D (Email thread identifying Realtek products that UCT seeks source code on). Broadly gathering source code and technical data for so many products would require significant time and effort by Realtek personnel in Taiwan. Transporting this sensitive material across an ocean and into another country further multiplies the burden.

Weighed against the burden on Realtek, Respondent has not shown that any substantial need for this discovery from Realtek. Respondent's infringement allegations concern implementation of industry standard technologies like USB and DisplayPort. *Universal Connectivity Tech.*, Compl., ECF No. 1. Detailed technical information about technical standards can be found publicly, which Respondent cites extensively in the claim charts attached to its Complaint. *See e.g.*, Speegle Decl., Ex. E at 3–5 (citing DisplayPort standards) and Speegle Decl., Ex. F at 5–10 (citing USB standards).

1   Respondent should also use party discovery to gather more information from Defendant Lenovo
2   regarding how the specific accused Lenovo products potentially support these standards.  Any small
3   difference between (a) what Respondent would discover from Realtek and (b) what Respondent can
4   learn from public information and Lenovo, does not justify a burdensome production of Realtek's
5   confidential source code and technical documents.
6          At a minimum, if the Court declines to quash the subpoena for the foregoing reasons, Realtek
7   requests that this Court issue a protective order, limiting the burden of discovery on non-party Realtek.
8   In particular, any discovery from Realtek should be limited to an inspection of relevant technical
9   documents at Realtek's facilities in Taiwan.  Unless and until Respondent establishes that alternative
10  technical discovery (from Realtek and from other sources) is insufficient, there is no reason to require
11  discovery into Realtek's source code.
12         Lastly, during the parties' meet and confer about Realtek's Motion, Respondent represented
13  that it would argue Realtek had waived its objection to Respondent's subpoena because the objections
14  were not served timely.  While it is true that Realtek's objections were inadvertently served on March
15  26 instead of the agreed date of March 17, Realtek submits that this inadvertent delay should not create
16  a waiver.  Courts have recognized three circumstances where late objections should not cause a waiver:
17  "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed
18  witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the
19  subpoenaing party were in contact concerning the witness' compliance prior to the time the witness
20  challenged the legal basis for the subpoena." *In re Subpoena to Produce Documents of Clapp ,*
21  *Moroney, Bellagamba, Vucinich, Beeman & Scheley*, No. 14-mc-80191-RS (JSC), 2014 WL 3784112,
22  at *3 (N.D. Cal. July 31, 2014) (internal citation and quotation marks omitted); *see also HI.Q, Inc. v.*
23  *ZeetoGroup*, *LLC*, No. MC 22-cv-1440-LL-MDD, 2022 WL 17345784, at *12 (S.D. Cal. Nov. 29,
24  2022) ("The Court will excuse Zeeto's failure to timely serve objections to the subpoena *duces*
25  *tecum* because counsel for Health IQ and Zeeto were in contact before and after Zeeto served those
26  objections.").  While any one of these three would be sufficient, all three circumstances apply in this
27  case. First, the subpoena is overbroad for the reasons explained above.  Second, Realtek is a non-party
28  acting in good faith.  Third, counsel for Realtek and Respondent were in contract concerning this

1  subpoena prior to Realtek challenging the basis for this subpoena.  *See* Speegle Decl., Ex. D.  Under
2  these circumstances, Realtek respectfully submits that no waiver should apply.

3  **V.    CONCLUSION**

4  As a foreign corporation, Realtek should not be subject to a Rule 45 subpoena.  Because Rule
5  45 is not a mechanism for international discovery, the Court should reject Respondent's attempts to
6  expand the scope of Rule 45 by allowing alternative service of Realtek.  Nor should the limitations of
7  Rule 45(c) be ignored; Realtek cannot be compelled to produce documents thousands of miles from
8  its headquarters.  Independently, Respondent's subpoena would impose an undue burden on Realtek
9  by requiring Realtek to transport technical documents and source code—for over a hundred products—
10 thousands of miles, into another country.  For all the foregoing reasons, Realtek respectfully requests
11 that this Court quash Respondent's subpoena to Realtek.

12  DATED: March 28, 2025                        Respectfully submitted,

*/s/ Robert Benson*
Robert Benson (SBN 155971)
BAKER BOTTS L.L.P.
101 California Street, Ste. 3200
San Francisco, CA 94111
Telephone: (415) 291-6285
Email: robert.benson@bakerbotts.com

Mark Speegle (SBN 293873)
BAKER BOTTS L.L.P.
401 South 1st Street, Suite 1300
Austin, Texas 78704
Telephone: (512) 322-2536
Email: mark.speegle@bakerbotts.com

Jeffrey Johnson (*pro hac vice* pending)
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1222
Email: jeffrey.johnson@bakerbotts.com

*Attorneys for Realtek Semiconductor Corporation*