# Exhibit C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Universal Connectivity Technologies Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Lenovo Group Limited | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No. 2:23-cv-00449-JRG

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        REALTEK SEMICONDUCTOR CORP.
No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    Schedule A.

| Place: 100 Marine Parkway, Suite 300, Redwood Shores, CA 94065 | Date and Time: 03/03/2025 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/22/2025

CLERK OF COURT

OR

_____          /s/ Brett E. Cooper
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Plaintiff UCT
Brett E. Cooper _____ , who issues or requests this subpoena, are:
BC Law Group, P.C., 200 Madison Avenue, 24th Fl. New York, NY 10016, (212) 951-0100, bcooper@bclgpc.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00449-JRG

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO CIVIL SUBPOENAS

## DEFINITIONS FOR SCHEDULE A

As used herein, the following definitions shall apply to the requests for the production of documents contained herein (the "Requests"):

1. "Accused Feature(s)" means the functionalities accused in UCT's complaint and/or infringement contentions, including but not limited to Lenovo's use of the functionality in any of the following USB Implementers Forum and/or VESA standards: USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C, and/or PCIe 3.0 or later.

2. "Accused Product(s)" means the products listed in UCT's complaint and/or infringement contentions, including but not limited to Lenovo products (laptops, desktops, working stations, monitors, docking stations, and/or SSDs) that support USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C, and/or PCIe 3.0 or later.

3. "UCT" means Universal Connectivity Technologies Inc. and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under its control, including any attorney.

4. "Communication" shall mean, including its usual and customary meaning, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral, or other means, including but not limited to electronic communications and electronic mail.

5. "Concerning" means directly or indirectly mentioning, constituting, discussing or describing, relating to, pertaining to, or being connected with a stated subject matter or any aspect

1

Attachment to Civil Subpoenas

thereof.

6.      "Document" or "documents" are used herein in their broadest sense as set forth in the Federal Rules of Civil Procedure.  These words mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, within your possession, custody, or control.  Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, facsimile, letters, opinion letters, telegrams, telexes, telefaxes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' report, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche,  tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs, electronic mail ("e-mail") and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.  The words "document" and "documents" also include all copies of documents by whatever means made, except that where a document is

Attachment to Civil Subpoenas

produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

7.        "Hardware" means any form of electronic components, interconnections, circuits (both analog and digital), semiconductor devices, circuit boards, and assemblies of same.

8.        "Lawsuit" means the case captioned *Universal Connectivity Technologies Inc. v. Lenovo Group Limited*, Civil Action No. 2:23-cv-00449-JRG, pending in the United States District Court for the Eastern District of Texas.

9.        "Patents-in-Suits" means United States Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents").

10.      "Relate to," "related to," "in relation to," and "relating to" mean, in addition to their customary and usual meaning, bearing upon, discussing, identifying, referring to, pertaining to, or concerning.

11.      "Lenovo" means Lenovo Group Limited and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under its control, including any attorney.

12.      "Software" means any form of code, including source code, object code, complied code, byte code, interpreted code, firmware, and any form of code stored in any storage medium or received by a device.

13.      "Source code" means any text or symbols that are written in a human-readable programming language or visual representation and any data files associated with the human-readable or visual representation.  Source code for different versions of software may exist, where

3

Attachment to Civil Subpoenas

a version is referenced by a build number, product version number, or other designation as identified by Your source code control system and/or software development practices. Source code for hardware includes but is not limited to schematics, Register Transfer Level (RTL), and netlists of hardware components. A reference to "source code" shall mean all versions released as a commercial product or used in the construction of a commercial product. Source code includes manifests, build files, "make" files or build scripts for aggregating, compiling, or associating multiple source code files in any way and any output files produced by aggregation, compilation, or association of multiple source code files.

14.    "Technical Reference Manual" means all documents that refer or relate to a description of a product's technical specifications, features, design, components, troubleshooting, setup, operation, use, and/or general technical maintenance.

15.    "Realtek Semiconductor Corp.," "Realtek," "You," and "Your" means Realtek Semiconductor Corporation and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under its control, including any attorney.

16.    "Realtek Chipsets" means any chipset that Reaktek has supplied to Lenovo that is responsible for the DisplayPort and/or USB functionality of the Accused Products. This includes functionality set forth in any of the following USB Implementers Forum and/or VESA standards: USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C, and/or PCIe 3.0 or later.

## <u>INSTRUCTIONS FOR SCHEDULE A</u>

1.    Unless otherwise defined all words and phrases used herein shall be accorded their

4

usual meaning and shall be interpreted in their common ordinary sense.

2.     If there is any question as to the meaning of any part of these Requests or Topics, or an issue as to whether production of responsive documents would impose an undue burden on you, the undersigned counsel for UCT should be contacted promptly.

3.     Each of the Requests for Production contained herein requires you to produce all documents in your actual or constructive possession, custody, or control.

4.     Unless stated otherwise, documents produced in response to these Requests should be fully inclusive for the period of January 2017-Present.

5.     The use of the singular form of any word includes the plural and vice versa, and the terms "all," "any," "each," and "every" shall be construed as both "each" and "every" to bring within the scope of these Requests and Topics any and all information which might otherwise be construed to be outside their scope.  The past tense shall be construed to include the present and future tenses and vice versa, so as to make each Request inclusive rather than exclusive.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any and all information that might otherwise be construed to be outside their scope.

6.     Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, please produce the requested documents as they are kept in the usual course of business.  For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.  E-mail attachments should be produced with or following their corresponding e-mails.  Source code should be produced in an electronic form that maintains the original character encoding of the text or symbols, such as ASCII or Unicode text files, searchable by character-

5

based tools without the need for Optical Character Recognition (OCR) of a binary image (for example, TIFF) file, or PDF files for symbol-based source code such as schematics. Source code should maintain the original character encoding of the text, where applicable, and maintain format control characters including but not limited to tab, space, and quotation characters to maintain the original programmer-intended indenting structure. Source code production also includes a representation of the hierarchical organization of source code components if the source code is maintained hierarchically in the ordinary course of Your business. For example, if source code is maintained in the ordinary course of business as a hierarchy of directories and files, the names and relationships between directories and files convey important information about the structure of the design reflected by the source code and this information is relied upon by designers. If the source code is not produced in a manner that reproduces the hierarchy of directories and files in which it is maintained in the ordinary course of business, producing a human-readable or visible representation of the structure of that hierarchy of directories and files maintained by You in the ordinary course of its business is a required aspect of producing the source code.

7.      If you do not respond to any Request for Production in full or produce documents or things in response to any portion of a Request for Production, state the precise reason for failing to do so and provide all documents or things called for by that portion of the Request for Production to which you do not object and/or refuse to respond. If a legal objection is made, set forth the specific nature of the grounds for that objection. If you cannot or will not respond to only a portion of any Request, provide a full response to the remaining portion, and specifically set forth (i) the fact that the response is incomplete, and (ii) the reasons or grounds for any omission or for your inability or refusal to complete the response. If you can respond to a Request only in part on the basis of information available at the time of the response, (i) provide a response on the basis of

Attachment to Civil Subpoenas

that information, (ii) indicate your response is so limited, and (iii) provide a further response, in accordance with paragraph three of these Instructions, when further information becomes available.

8.      If any information, document or thing is withheld from production on the basis of privilege, work product, immunity, third-party confidentiality requirements, or any similar claim, then You shall produce a privilege log within a reasonable time as agreed by the Parties or as ordered by the Court.

9.      All documents that constitute electronically stored information shall be produced as single-page TIFFs with image load files showing production numbers and document breaks or as otherwise agreed by the parties.  UCT reserves the right to request production of electronically stored information in its native format and/or with associated metadata where necessary.

10.      All the  Requests contained herein are of a continuing nature and require you, in accordance with Federal Rule of Civil Procedure 26(e), to produce promptly for inspection and copying any documents or things that you reasonably may acquire, obtain, locate, or identify between the time of the initial response to these Requests and the time of the final disposition of this action.

## SCHEDULE A – REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Source code sufficient to show the operation of the Accused Features for each of the Realtek Chipsets, including the source code for hardware design and specification language descriptions, such as SDL, HDL, VHDL, iHDL, Verilog, System Verilog, or RTL, and the source code for higher software programming design languages, such as C and C++ programming languages.

2.      Technical documents sufficient to show the operation of the Accused Features for

Attachment to Civil Subpoenas

each of the Realtek Chipsets that Realtek has supplied to Lenovo.

Attachment to Civil Subpoenas

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

UNIVERSAL CONNECTIVITY
TECHNOLOGIES INC.,

     *Plaintiff,*

v.

LENOVO GROUP LIMITED,
     *Defendant.*

Case No.  2:23-cv-00449-JRG

**JURY TRIAL DEMANDED**

## <u>PROTECTIVE ORDER</u>

WHEREAS, Plaintiff Universal Connectivity Technologies Inc. ("UCT") and Defendant Lenovo Group Limited ("LGL"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").  Protected Materials shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the

public.  Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(a)  **Designating Documents:**  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."  The words "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, except for electronic files, as noted in Paragraph 1(d).  For the avoidance of doubt, the producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.

(b)  **Deposition Transcripts:**  Parties or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided

for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. For deposition and hearing transcripts, the words "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(c) **Designating Videotaped Depositions:** In the event the deposition is videotaped, the original and all copies of the videotape shall be marked to indicate that the contents of the videotape are subject to this Protective Order, including the specific confidentiality level claimed.

(d) **Designating Native Files:** Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Material. When such electronic files or documents are printed (for use at a deposition, in a court proceeding, or for provision in printed

form to an expert or consultant approved pursuant to Paragraph 5(e)), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents.

(e) **Inspection:** Original documents or materials made available for inspection need not be designated for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings – Patent Cases,  with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Attorneys' Eyes

Only" shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE ," individually and collectively.

without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon irrespective of any other potential remedies provided in Federal Rule of Civil Procedure 26(b)(5)(B).

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that any such person has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Appendix A, which shall be provided to the producing Party before disclosure of Protected Material to the designated representative. Except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts[2] retained for the purpose of this litigation, provided

---

[2] An outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs

that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f) Independent litigation support services, subject to their agreement to maintain confidentiality to the same degree as required by this Order, including persons working for or as court reporters, graphics or design services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g) Jury or trial consulting services, subject to their agreement to maintain confidentiality to the same degree as required by this Order. For the sake of clarity, any mock jurors working in conjunction with jury or trial consulting services must agree to be bound by the terms of this Order by signing the agreement attached hereto as Appendix A.

(h) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

(i) The Court and its personnel.

6. A Party shall designate documents, information, or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information, or material contains or reflect

---

others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.   Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

9.   Absent written agreement otherwise, for Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-i).

10.    For Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY –

SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided in a secured room only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Additionally, except as provided in paragraph 10(m) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors. No electronic recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the source code review room, and the receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Representatives of the producing Party may visually monitor the review such that the producing Party is not able to hear any normal volume discussions among the receiving Party's representatives, or view what specific portions of the source code that the receiving Party's representative is inspecting. During inspection, all access ports on the source code computer shall be disabled as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of source code outside or away from the source code computer on which the source code is provided for inspection.

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time, or the locally staffed office hours, whichever is longer. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. At least seven (7) days' notice shall be provided prior to the first requested inspection and three (3) business days' notice in advance of any additional inspections, identifying the specific individuals who will be inspecting the source code on behalf of the receiving Party. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. All persons viewing source code shall sign on each day they view Source Code Material a log that will include the names of persons who enter the secured room to view the source code and when they enter and depart.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. At least five (5) business days in advance of the date upon which the receiving Party wishes to use the source code computer, the receiving Party shall identify the licensed software tools it wishes to have installed and available for use on the source code computer, and provide, on a CDROM or other medium, a properly licensed copy of the software it requests to be installed. Any costs associated with acquiring licenses to requested software tools shall be borne by the receiving Party.

(e) To the extent the receiving Party's outside counsel and/or experts (or their staff) wish to take electronic notes, they may do so using an application on the source code computer. Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain module names, class names, parameter names, variable names, function names, method names, procedure names, or line numbers typed by the note-taker. The producing Party shall print such notes from the source code computer upon request by the receiving Party. The receiving Party shall have the ability to delete its electronic notes from the source code computer. The producing Party shall not delete the receiving Party's electronic notes from the source code computer. In addition to the electronic notes, reviewers shall be entitled to take handwritten notes relating to the source code. Such notes (electronic or otherwise) shall be labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(f) The receiving Party may request copies of reasonable portions of the source code identified in a reasonable manner (with each portion no greater than 20 consecutive pages and with no more than 500 pages in total), and shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance. If it believes that it is necessary, the receiving Party may request copies of the source code in excess of 500 pages in total, which shall not be unreasonably withheld. Should multiple releases of the same source code material be subject to source code review, the parties agree to meet and confer on a solution such as a representative source code stipulation.

(g) Using the software available on the source code computer, the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop of the source code computer named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date of printing. The request for printed Source Code Material shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting. If the request is served after 6:00 pm Eastern Time, it shall be deemed served the following business day. If the producing Party objects that identified files are not reasonably necessary, the producing Party shall make such objection known to the receiving Party within three (3) business days of the identification of any files by the receiving Party. If, after meeting and conferring, the producing Party and the receiving Party cannot

resolve the objection, the producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity. At the request of the receiving Party, in the absence of any objection the producing Party shall provide within four (4) business days of such request, two (2) watermarked paper copies of the source code identified by the Print Request. The producing Party shall print and append production numbers and the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." The receiving Party may request no more than three additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.

(h)     Unless otherwise agreed in advance by the parties in writing, the receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.

(i)     Access to Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE shall be limited to outside counsel and up to six (6) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. Except as provided in this paragraph, the receiving Party may not create electronic images, or any other images, of the printed produced Source Code Material from the paper copy for use on a computer (e.g., the receiving Party may not scan the source code to a PDF, or photograph the source code). The receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a Source Code Exhibit.

(j)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) all Source Code Material will be redacted from pages containing quoted source code material and the document will be stamped and treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE.

(k)      Except as set forth in paragraph 10(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(l)      If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(m)      A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(i) above to another person authorized under paragraph 10(i) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Source Code Exhibits transported for the purpose of Court proceeding(s) or deposition(s) are at all times subject to the transport restrictions set forth herein.

(n)      Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as required for submission to the Court as set forth in paragraph 10(i).

11.      Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the

pendency of this Action and for one year after its conclusion, including any appeals.  For the avoidance of doubt, this provision shall not preclude any person (including counsel or experts) who obtains, receives, or otherwise learns, in whole or in part, the other Party's DESIGNATED MATERIAL under this Order from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit provided that they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims based on those proceedings.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  These prohibitions are not intended to and shall not preclude counsel or experts from participating in proceedings on behalf of a Party challenging or defending the validity of any patent in this or other countries, including but not limited to, formulating reasons and arguing for patentability of any claims (including in Post-Grant proceedings) arguing any amendments that he or she did not participate in drafting.

12.   Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall destroy all copies of such documents, information, or other material to the producing Party irrespective of any other potential remedies provided in Federal Rule of Civil Procedure 26(b)(5)(B).

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director

or employee of a company affiliated with the producing Party with the exception that disclosure to a former officer, director, or employee of the producing Party not subject to another subsection of this paragraph 14 may only occur with prior authorization from the producing Party or the Court; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall

conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. If it comes to a Party's attention that DESIGNATED MATERIAL does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the producing Party must promptly notify all other Parties that it is withdrawing or changing the designation. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this

Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable. Reports and materials exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this case and Protective Order. No conversations or communications between counsel and a testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in report or trial or deposition testimony in this case.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. Information originating with a Third Party and in a producing Party's custody or control that a producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by a producing Party as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and such protected information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a Party has a good faith belief that the production of the documents,

information, or other material is objectionable on the grounds that the requested documents, information, or other material is subject to a Third-Party confidentiality obligation, the producing Party shall confer with the Third Party to resolve the confidentiality issue. Any Party to this Action intending to disclose Third-Party confidential information pursuant to this Order should first provide to such Third Party a copy of this Order and a description of information to be disclosed.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

24. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall either be returned to the producing Party or be destroyed. However, notwithstanding this requirement, outside counsel may retain DESIGNATED MATERIAL incorporated into court filings, pleadings, written discovery responses, and communications for archival purposes and are not required to delete

information that may reside on their respective back-up systems; however, outside counsel agree that no Protected Material shall be retrieved from the electronic back-up systems or archives to be used as reference materials for business operations after conclusion of this litigation. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege. Nothing in this Order shall be construed to prevent outside counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided outside counsel does not disclose the Protected Material itself except as provided in this Order.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So Ordered this**

**Jun 21, 2024**

_____

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br>         Plaintiff, <br><br>    v. <br><br> LENOVO GROUP LIMITED, <br>         Defendant. | Case No. 2:23-cv-00449-JRG <br><br> **JURY TRIAL DEMANDED** |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

   My current employer is _____.

   My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____