UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUBPOENA TO REALTEK SEMICONDUCTOR,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL CONNECTIVITY TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 25-mc-80082-TLT<br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA AND DENYING CROSS-MOTION TO COMPEL**<br><br>Re: ECF 1, 8 |

Before the Court is Movant Realtek Semiconductor Corporation ("Realtek")'s motion to quash subpoena, ECF 1, and Respondent Universal Connectivity Technologies, Inc. ("UCT")'s cross-motion to compel, ECF 8.

The instant miscellaneous matter stems from the pending action *Universal Connectivity Tech. Inc. v. Lenovo Grp. Ltd.* (*Lenovo*) in the District Court for the Eastern District of Texas. *See Universal Connectivity Tech. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-cv-00449-JRG (E.D. Tex.). In *Lenovo*, UCT seeks third-party discovery from Realtek through subpoena. *Id.* ECF 63, 82.

On March 28, 2025, Realtek filed a motion to quash the subpoena before this Court pursuant to Federal Rule of Civil Procedure 45. ECF 1; Fed. R. Civ. P. 45(d)(3)(A) ("the court for the district where compliance is required" must hear "motion to quash or modify a subpoena"). UCT filed an opposition and cross-motion to compel. ECF 8.

The Court found the matters suitable for resolution without oral argument and took them under submission. ECF 29; *see* L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute). After review and consideration of the motions, briefings, attachments and exhibits thereto, the Court **GRANTS** the motion to quash subpoena and **DENIES** the cross-motion to compel.

## I. BACKGROUND

### A. Realtek and UCT

Realtek is a Taiwanese semiconductor company with its principal place of business at No.2 Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan. ECF 1-2, Exhibit ("Ex.") A to Declaration of Mark Speegle ("Speegle Decl."), Declaration of Huang, Yee-Wei ("Huang Decl."), ¶ 4. Realtek designs and manufactures integrated circuit semiconductor chips, which it provides to computer manufacturers around the world. ECF 1, at 1. Realtek does not lease or own any real property in the United States, nor does it have any employees in the United States. Huang Decl. ¶¶ 5–6. Realtek has corporate affiliates, such as Cortina Access Inc. and Ubilinx Technology Inc., with locations in the United States. *Id.* ¶ 7; *Lenovo*, No. 2:23-cv-00449-JRG, ECF 82-4 at 108.

In the *Lenovo* action, Lenovo Group Limited ("Lenovo") identified Realtek as one of its third-party component suppliers and provided the specific model numbers of the relevant Realtek components used in Lenovo's Products that are accused of infringement. ECF 9, Declaration of Brett Cooper ("Cooper Decl.") ¶ 11. UCT now seeks third-party discovery regarding technical documents and source code related to the Realtek component parts identified by Lenovo. ECF 8, at 7, 11.

### B. Subpoena at Issue

UCT's subpoena demands production of documents described in a "Schedule A" at 100 Marine Parkway, Suite 300, Redwood Shores, CA, 94065, on March 3, 2025. ECF 1-4, Ex. C to Speegle Decl., at 21. Schedule A of the subpoena requests the following:

> 1. Source code sufficient to show the operation of the Accused Features for each of the Realtek Chipsets, including the source code for hardware design and specification language descriptions, such as SDL, HDL, VHDL, iHDL, Verilog, System Verilog, or RTL, and the source code for higher software programming design languages, such as C and C++ programming languages.
>
> 2. Technical documents sufficient to show the operation of the Accused Features for each of the Realtek Chipsets that Realtek has supplied to Lenovo.

*Id.* at 11–12. The subpoena provides definitions of terms. *Id.* at 5–8. It also provides the stipulated protective order entered in the *Lenovo* action. *Id.* at 13–34.

2

**C.  Procedural History**

On September 28, 2023, UCT filed suit against Lenovo in the Eastern District of Texas, alleging that Lenovo's Products that support certain USB, PCIe, and DisplayPort standards infringe eight of UCT's U.S. Patents. *Lenovo*, No. 2:23-cv-00449-JRG, ECF 1. On October 11, 2024, in response to discovery requests, Lenovo identified Realtek as one of its third-party component suppliers and provided the specific model numbers of the relevant Realtek components used in Lenovo's Products that are accused of infringement. Cooper Decl. ¶ 11.

On October 23, 2024, UCT attempted to serve Realtek with a subpoena at its corporate headquarters in Taiwan. *Id.* ¶ 12. On November 18, 2024, UCT emailed the subpoena to Realtek's U.S. counsel in an unrelated action, but did not receive a response. *Id.* ¶ 13.

On November 25, 2024, UCT then filed a sealed motion for issuance of letters rogatory to seek discovery from Realtek, which the Eastern District of Texas Court denied without prejudice because the court disapproved of UCT sealing its motion. *Lenovo*, No. 2:23-cv-00449-JRG, ECF 59, 62. UCT then filed an unsealed motion for issuance of a Letters Rogatory, which the court granted on December 5, 2024. *Id.* ECF 63, 66.

On January 22, 2025, UCT filed a Motion for Alternative Service with the Court in the Eastern District of Texas requesting leave to serve Realtek with its subpoena by registered mail and by serving Realtek's counsel by email in an unrelated case. *Id.* ECF 82. The Court granted UCT's Motion for Alternative Service on February 15, 2025. *Id.* ECF 97.

On February 25, 2025, Realtek's counsel requested a call with UCT to discuss the subpoena. ECF 9-1, Ex. 1. UCT agreed to provide Realtek a two-week extension to respond to the subpoena—from March 3, 2025 to March 17, 2025—and provided specific information regarding the Realtek components for which UCT seeks discovery. ECF 9-2, Ex. 2. On March 25, 2025, UCT contacted Realtek to request a time for a meet and confer to discuss UCT's intended motion to compel Realtek to comply with the subpoena. ECF 9-3, Ex. 3. Realtek responded with objections and its intention to file the instant motion to quash. ECF 9-4, Ex. 4. The parties discussed filing a joint discovery letter but were unable to come to an agreement. ECF 9-6, Ex. 6.

On March 28, 2025, Realtek filed the instant motion to quash subpoena. ECF 1. UCT timely filed an opposition and a cross-motion to compel. ECF 8. Realtek timely filed a reply. ECF 11.

## II.     LEGAL STANDARD

A party may obtain discovery of a non-party by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). That is, a party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Under Rule 45(d)(3), the court where compliance is required must quash or modify the subpoena if the subpoena: (i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, No. 12-mc-80237, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (internal citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 14-mc-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.").

On a motion to compel compliance with a Rule 45 subpoena, the Local Rules in this District require a party to "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P.

4

1  26(b)(2) are satisfied." Civ. L.R. 37-2. The court has discretion to determine whether to grant a
2  motion to compel. *See Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir.
3  1987). At bottom, the court is vested with broad discretion to manage discovery. *Hunt v. Cnty. of*
4  *Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

**III.  DISCUSSION**

In Realtek's motion to quash subpoena, Realtek argues (1) UCT failed to properly serve the subpoena, (2) the subpoena is improper under Rule 45(c) as Realtek is not located in California, and (3) the subpoena is overbroad and unduly burdensome. ECF 1, at 6–11. UCT seeks to compel production, opposing each of Realtek's arguments while also arguing that Realtek waived its right to object to the subpoena. ECF 8, at 6–16. The Court will address each argument in turn.

**A.   The Court excuses Realtek's untimely objections.**

Written objections to a Rule 45 subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection, including privilege." *Sacks Holdings, Inc. v. Vaidya*, No. 24-MC-80197-PHK, 2024 WL 4730424, at *3 (N.D. Cal. Nov. 7, 2024) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.")).

UCT argues that Realtek waived its right to object to the subpoena because Realtek failed to timely object to or otherwise respond to the subpoena. ECF 8, at 6. Realtek's deadline to respond to the subpoena was March 17, 2025, but Realtek did not submit its objections and responses until March 25, 2025—eight days after the deadline to respond. Realtek concedes that it failed to timely object to the subpoena. ECF 1, at 10. However, Realtek argues that its inadvertent delay should be excused. *Id.*

In unusual circumstances and for good cause, the failure to timely object will not bar consideration of objections to a Rule 45 subpoena. *Acer, Inc. v. Tech. Props. Ltd.*, No. C08-00877 JF (HRL), 2010 WL 4807101, at *3 (N.D. Cal. Nov. 19, 2010) (quoting *Moon v. SCP Pool Corp.*,

5

232 F.R.D. 633, 636 (S.D. Cal. 2005)). "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *In re Subpoena to Produce Documents of Clapp, Moroney, Ballagamba, Vucinich, Beeman & Scheley*, No. 14-mc-80191-RS (JSC), 2014 WL 3784112, at *3 (N.D. Cal. July 31, 2014) (finding failure to serve objections "may be excused under either the second or third grounds").

Here, the Court finds that the second and third exceptions apply. There is no indication that Realtek acted in bad faith. Realtek counsel and UCT counsel were in contact concerning compliance with the subpoena prior to Realtek challenging its legal basis. The parties were in contact from February 25, 2025 to March 28, 2025, when the instant motion was filed. *See* ECF 9-1, 9-2, 9-3, 9-4. The parties discussed compliance with the subpoena, with UCT agreeing to provide Realtek with a two-week extension to respond. *See* ECF 9-2, Ex. 2. Realtek even requested "any authority UCT has for enforcing a Rule 45 subpoena on a foreign corporation." ECF 1-5, Ex. D. From the parties' communications, it is evident that Realtek was engaged in good faith. While UCT complains that Realtek's decision to file the instant motion rather than a discovery letter briefing shows bad faith, the Court disagrees. Rule 45(d)(3)(A) provides Realtek with the right to file the instant motion.

Although Realtek missed the deadline to respond to the subpoena, the Court finds that this does not rise to the level of bad faith. Realtek immediately responded with objections when reminded of its obligations under the subpoena by UCT. ECF 9-4, Ex. 4. Courts have excused inadvertence when parties had been in contact concerning compliance. *See Clapp*, 2014 WL 3784112, at *3 (excusing waiver after finding that non-party acted in good faith when she communicated with opposing counsel, and upon discovering that no objections had been filed to the subpoenas, promptly obtained counsel who filed a motion to quash, albeit with the incorrect court); *Leader Techs., Inc. v. Facebook, Inc.*, No. C1080028MISCJWHRL, 2010 WL 761296, at *2 (N.D. Cal. Mar. 2, 2010) (excusing waiver after finding that written objections were one day

1  late but parties had been in contact regarding compliance); *HI.Q, Inc. v. ZeetoGroup, LLC*, No.
2  MC 22CV1440-LL-MDD, 2022 WL 17345784, at *12 (S.D. Cal. Nov. 29, 2022) (excusing
3  waiver after finding that non-party had sent objections to the wrong counsel and the wrong address
4  but parties had been in contact regarding compliance).

5        The Court therefore excuses the failure to timely file objections based on these unusual
6  circumstances and for good cause shown.

### B. UCT's alternate service on Realtek was proper.

8        Realtek argues that UCT failed to properly serve the subpoena on Realtek under Rule 45.
9  ECF 1, at 6.  Realtek argues that because it is not a "United States national or resident who is in a
10 foreign country," the only way Realtek, a company in Taiwan, can be served a Rule 45 subpoena
11 is by personal service in the United States under Rule 45(b)(2).  *Id.* at 7.  On this basis, Realtek
12 contends that because the subpoena was not delivered in person to Realtek in the United States,
13 Rule 45 has not been satisfied and Realtek should not be required to provide discovery to UCT.
14 *Id.*  In response, UCT argues that its alternative service under Rule 4(f) was effective.  ECF 8, at 8.

15       Rule 45(b)(1) provides, in relevant part, that "[s]ervice of a subpoena upon a person named
16 therein shall be made by delivering a copy thereof to such person[.]"  Fed. R. Civ. P. 45(b)(1).
17 "The majority of courts understand 'delivering' to require personal service of the subpoena."
18 *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *5 (N.D. Cal.
19 Oct. 5, 2015).  Rule 45 provides two options for personal service: in the United States, Fed. R.
20 Civ. P. 45(b)(2), or in a foreign county if directed at a "United States national or resident who is in
21 a foreign country," Fed. R. Civ. P. 45(b)(3).

22       However, under a growing minority approach, courts have permitted parties to serve Rule
23 45 subpoenas by alternative methods of service other than personal service.  *Fujikura*, 2015 WL
24 5782351, at *5 (collecting cases); *see also Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-MC-
25 80090-MEJ, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015) (collecting cases).  "Courts are
26 more inclined to grant such alternative service where the serving party has provided sufficient
27 evidence of its earlier diligence in attempting to effectuate personal service."  *Fujikura*, 2015 WL

7

1  5782351, at *5; *see, e.g.*, *Toni Brattin*, 2015 WL 1844056, at *3 (granting motion to serve Rule 45
2  subpoenas by certified mail).
3        Because "Rule 45 does not specify what constitutes personal service on a corporation in
4  the United States or in a foreign country[,] . . . courts have relied upon the service of process
5  requirements on corporations set forth in Rule 4 of the Federal Rules of Civil Procedure."
6  *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943, 2018 WL 2387580, at *3
7  (S.D. Cal. May 24, 2018); *Netlist, Inc. v. Montage Tech., Inc.*, No. 22-MC-80337-VKD, 2023 WL
8  2940043, at *2 (N.D. Cal. Feb. 24, 2023) ("[I]t it is appropriate to look to Rule 4 for guidance
9  regarding what qualifies as personal service of a [Rule 45] subpoena on a corporation."); *In re*
10 *Subpoena to VaughnPerling*, No. 219MC00083CASEX, 2019 WL 8012372, at *4 (C.D. Cal. Dec.
11 2, 2019) ("[T]he court sees no policy distinction between Rules 4, 5 and 45, such that service other
12 than personal service should be sufficient under the first two but not the third.") (quoting *Green v.*
13 *Baca*, No. CV 02-204744MMMMANX, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005));
14 *Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-23937-CIV, 2022 WL 898562, at *2 (S.D. Fla.
15 Mar. 28, 2022) (authorizing plaintiff to serve subpoena on foreign entity pursuant to Rule 4(f)(3)).
16       Here, UCT attempted three methods of service. *Lenovo*, No. 2:23-cv-00449-JRG, ECF 97
17 at 3. First, UCT attempted to serve Realtek with a subpoena in Taiwan at Realtek's listed address
18 and on Realtek's listed agent for acceptance of service, but that attempt was rejected by Realtek.
19 *Id.* Second, UCT attempted to serve Realtek's counsel in another pending case but never received
20 a response. *Id.* at 3–4. And third, UCT sought and obtained a letter rogatory from the Court but
21 again received no response. *Id.* at 4.
22       After these attempts, UCT sought leave of the Eastern District of Texas court for alternate
23 service under Rule 4(h)(2) and 4(f). *Lenovo*, No. 2:23-cv-00449-JRG, ECF 82. The Texas court,
24 recognizing Plaintiff's prior attempts at service, authorized alternate service of subpoena on
25 Realtek via registered mail and email to Realtek's counsel in an unrelated case. *Id.* ECF 97, at 3–
26 5. Rule 4(f)(2)(C)(ii) specifies that "unless prohibited by the foreign country's law," an individual
27 may be served "using any form of mail that the clerk addresses and sends to the individual and
28 that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii). The Texas court found that

8

Taiwanese law does not prohibit service through mail or email. *Lenovo*, No. 2:23-cv-00449-JRG, ECF 97 at 4–5. After this order, UCT effectuated alternate service of the subpoena on Realtek by registered mail and via email to Realtek's counsel in an unrelated case. ECF 8, at 8.

Realtek counters that the use of Rule 4 to fill in gaps to Rule 45 is a minority approach that the Court should not adopt. ECF 23, at 2–3. Realtek is correct that courts in this circuit have also declined to use Rule 4 to fill in Rule 45 gaps. *See, e.g.*, *SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 154 (D. Or. 2021); *Viasat, Inc. v. Space Sys./Loral, LLC*, No. 13-CV-2074-H (WVG), 2014 WL 12577593, at *5 (S.D. Cal. June 30, 2014); *see also* 9A Charles H. Wright and Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. Oct. 2020 update). However, in light the absence of direction from the Ninth Circuit, the Court will follow the Rule 4 approach in the context of a Rule 45 subpoena to a foreign corporation. The Court finds Realtek's arguments to be unpersuasive in light of UCT's previous attempts to effectuate service. The Court agrees with the analysis of the Texas court in *Lenovo* and finds that UCT properly served Realtek through alternate service under Rule 4(f).

In reply briefing, Realtek for the first time asserts an argument challenging personal jurisdiction. ECF 23, at 3–4. The Ninth Circuit has established that the "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that "arguments raised for the first time in a reply brief are waived"); *SiteLock*, 338 F.R.D. at 156 (declining to consider personal jurisdiction argument raised for the first time in reply brief). For this reason alone, the Court rejects Realtek's belated personal jurisdiction arguments.

Notwithstanding, Realtek's personal jurisdiction argument relies on *Netlist*, 2023 WL 2940043, at *1. *Netlist* found that service of a third-party subpoena under Rule 4 does "not dispose of the question of personal jurisdiction or any of the other requirements of Rule 45." *Id.* at *3. The court found Montage Shanghai, a Chinese company located in China, was not subject to the court's jurisdiction for purposes of the discovery Netlist seeks by subpoena. *Id.* at *5.

However, *Netlist* dealt with a motion to compel compliance with subpoena. *Id.* There, Netlist, the subpoenaing party, filed the miscellaneous matter, seeking to compel Montage

1  Shanghai to comply with the subpoena. *Id.* at *1. In contrast, here, Realtek is the party that filed
2  this miscellaneous matter. *See* ECF 1. Realtek seems to unintentionally be making an argument
3  in favor of UCT. A party seeking to quash subpoena would not argue that the court they seek
4  relief from lacks jurisdiction to provide them such relief. The Court finds Realtek's reliance on
5  *Netlist* to be unpersuasive in the context of the instant motion to quash. Further, UCT's motion to
6  compel was filed after Realtek filed its motion to quash before this Court. *See* ECF 8. The Court
7  finds that UCT properly served Realtek through alternate service under Rule 4(f).

   **C.    The subpoena does not comply with the geographic limits of Rule 45.**

9  Realtek next argues that UCT cannot compel production in California because Realtek is
10 located in Taiwan. ECF 1, at 8. Under Rule 45(c)(2)(A), a subpoena may command "production
11 of documents, electronically stored information, or tangible things at a place within 100 miles of
12 where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P.
13 45(c)(2)(A). A subpoena that seeks to command production beyond the 100-mile geographical
14 limit is invalid and cannot be compelled by this Court. *See In re Kirkland*, 75 F.4th 1030, 1047
15 (9th Cir. 2023) (holding that district court erred by compelling witnesses in United States Virgin
16 Islands to testify remotely as they fell outside 100-mile geographic limitations of power of the
17 Central District of California under Rule 45(c)); *In re Path Network, Inc.*, 703 F. Supp. 3d 1046,
18 1065 (N.D. Cal. 2023) (denying application for subpoena that would require a party
19 "headquartered in San Francisco, to produce documents in Los Angeles, California.").

20 Here, the subpoena identifies the place of compliance as 100 Marine Parkway, Suite 300,
21 Redwood Shores, CA 94065. ECF 1-4, Ex. C to Speegle Decl., at 2. The parties do not dispute
22 that Realtek's principal place of business is in Taiwan. Nevertheless, UCT argues that Realtek
23 regularly transacts business with its U.S. subsidiaries and has numerous employees within 100-
24 miles of the place of compliance. ECF 8, at 12.

25 In its 2023 annual report, Realtek represented that it "has sales or R&D teams in . . . the
26 United States . . . ." *Lenovo*, No. 2:23-cv-00449-JRG, ECF 82-4 at 4. Realtek lists affiliated
27 companies Cortina Access, Inc. and Ubilinx Technology Inc. as "R&D and technical support." *Id.*
28 at 108. Both Cortina Access Inc. and Ubilinx Technology Inc. are headquartered within 100 miles

1    of the listed place of compliance on the subpoena. ECF 8, at 12. UCT argues that because

2    Realtek's affiliated companies that function as R&D and technical support operate within the 100-

3    mile limit, the Court should compel production. *Id.*

4    In *Netlist*, the court ruled on a similar argument. *Netlist*, 2023 WL 2940043, at *5. The at-

5    issue subpoena was directed at Montage Shanghai, a company headquartered in China. *Id.*

6    However, the subpoena listed the place of compliance as San Francisco, California. *Id.* Netlist

7    explained that Montage CA, a subsidiary of Montage Shanghai, was headquartered within 100-

8    miles of the San Francisco. *Id.* Netlist argued that the geographical requirement of Rule 45 was

9    in fulfilled because Montage Shanghai regularly conducted business through its arrangement with

10   Montage CA. *Id.* The Court rejected Netlist's argument, finding that the subpoena, requiring

11   deposition of a Montage Shanghai witness, did not comply with the 100-mile geographic limit of

12   Rule 45. *Id.* at *6. The Court also held that it lacked authority modify the subpoena and compel a

13   deposition in China. *Id.*

14   Like in *Netlist*, the requested discovery must be produced by Realtek—not Cortina Access,

15   Inc. and Ubilinx Technology Inc. Simply having corporate affiliates within 100-miles of the place

16   of compliance is not sufficient to overcome the geographical limitations of Rule 45.

17   UCT also argues that Realtek has employees within the United States, including persons

18   located in California within 100 miles of the listed place of compliance of the subpoena. *Id.* In

19   support of this argument, UCT identifies eight LinkedIn profiles of persons that state they are

20   employed by Realtek and reside in the United States. *Id.* at 12–13.

21   Realtek asserts that it has no employees in the United States, notwithstanding the LinkedIn

22   profiles. ECF 23, at 10. Realtek argues these are likely employees of affiliated companies that are

23   incorrectly identifying their employer as Realtek. *Id.* At least four of the eight identified profiles

24   have corrected their profiles to indicate that they in fact work for Ubilinx Technology Inc. *Id.* at

25   Ex. G. On this matter, the Court finds that the remaining four LinkedIn profiles do not support a

26   finding that Realtek has employees in the United States. Further, simply having employees within

27   100-miles of the place of compliance by itself is not dispositive in overcoming Rule 45(c)'s

28   requirements. *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12 CV 3393, 2014 WL 6706873,

at *1 & n.1 (N.D. Cal. Nov. 25, 2014) (holding that a Rule 45 subpoena specifying the place of compliance as more than 100 miles from nonparty's headquarters was "invalid on its face").

For these reasons, the Court finds that UCT's subpoena to Realtek does not comply with the geographical limitations of Rule 45(c). Pursuant to Rule 45(d)(3)(A)(ii), the Court **GRANTS** the motion to quash subpoena and **DENIES** the cross-motion to compel. The Court need not reach the arguments regarding the scope of the subpoena.

The Court notes that UCT is not without any avenue for relief. UCT may still pursue discovery from Realtek through the letters rogatory process.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to quash subpoena and **DENIES** the cross-motion to compel.

This Order resolves ECF 1 and 8.

The Clerk of the Court is ordered to terminate the matter.

**IT IS SO ORDERED.**

Dated: June 4, 2025

_____
TRINA L. THOMPSON
United States District Judge